J-A32016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN JAMES FLESHER | |
| Appellant | No. 1520 WDA 2014 |

Appeal from the Judgment of Sentence January 24, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0000060-2013
CP-02-CR-0001093-2013
CP-02-CR-0001159-2013
CP-02-CR-0001622-2013
CP-02-CR-0001669-2013
CP-02-CR-0016267-2012

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

JUDGMENT ORDER BY OTT, J.:                    **FILED DECEMBER 11, 2015**

Brian James Flesher appeals from the judgment of sentence imposed on January 24, 2014, in the Court of Common Pleas of Allegheny County, made final by the denial of post-sentence motions on August 18, 2014.  On October 18, 2013, Flesher pled guilty to numerous charges of burglary related crimes, for his involvement in a total of 14 burglaries and one attempted burglary.[1]  Subsequently, the trial court sentenced him to an aggregate term of 13 ½ – 27 years' incarceration, plus nine years of

---

[1] 18 Pa.C.S. §§ 3502(c)(1) and 901(A), respectively.

probation. On appeal, Flesher argues his sentence is illegal "if the sentencing court imposes sentences in the sentencing orders that contain clear clerical errors, which increase the appellant's aggregate sentence above what the court imposed during the sentencing hearing." Flesher's Brief at 26.[2]

Based on our review of the record, we find there were several discrepancies between the sentencing orders, the trial court's statements at the January 24, 2014, sentencing hearing, and the trial court's explanation its February 9, 2015, Pa.R.A.P. 1925(a) opinion.[3] Therefore, we are

_____

[2] Flesher also raises a discretionary aspect of sentencing issue. However, based on our disposition of the first argument, we need not address this second claim.

[3] For example, in its opinion, the trial court treats the sentence at Docket No. CP-02-CR-0001622-2013 ("Docket No. 1622") as fully concurrent with the incarceration sentence at Docket No. CP-02-CR-0001159-2013 ("Docket No. 1159"), but in the amended sentencing order, the sentences at Docket No. 1622 overlapped with only one of the nine-to-18 month sentences at Docket No. 1159, rather than both of them. The Commonwealth raised the following concern:

> What is not apparent to the Commonwealth is whether there is a "clear clerical error" in this particular sentence. Since there were two separate 9 to 18 months sentences at [Docket No. 1159], imposed consecutively, the [trial court's] remark may be interpreted either as making this new sentence fully concurrent with the sentence at [Docket No. 1159], or as making it concurrent only with the second of these 9 to 18 month sentences. Nevertheless, if the written order is given effect, [Flesher's] total term of confinement after five Informations does not remain at 10-1/2 to 21 years, but increases to 11 years[,] 3 months to 22-1/2 years, and this becomes a problem when the

*(Footnote Continued Next Page)*

constrained to vacate the judgment of sentence and remand for clarification and re-sentencing.[4]

Judgment of sentence vacated. Case remanded for proceedings consistent with this judgment order. Jurisdiction relinquished.


Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2015


*(Footnote Continued)* ————————————

> sentence imposed at the final Information [Docket No. CP-02-CR-0016267-2012 ("Docket No. 16267")] is added in.

Commonwealth's Brief at 11. Moreover, with respect to Docket No. 16267, the Commonwealth notes there are three separate sentencing orders: a sentencing order dated January 24, 2014, an amended sentencing order dated January 24, 2014, and an amended sentencing order dated April 9, 2014. The Commonwealth states that with respect to both amended orders, if its previous calculations are correct, the addition of the 36-72 months' incarceration would bring Flesher's total confinement to 14 years, 3 months to 28 years, 6 months' incarceration – a period greater than the 13 ½ – 27 years, which the trial judge stated both on the record at sentencing and in her opinion as her intention.

4 Both Flesher and the Commonwealth are in agreement that a remand is necessary in this appeal.